UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maenolia Cyrus-Osborne,            )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )
                                   )        13-577
Department of Internal Revenue Service,  )
                                   )
        Defendant.                 )

FILED
APR 26 2013
Clerk, U.S. District and
Bankruptcy Courts

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting).

Plaintiff is a resident of Mesa, Arizona, suing the Internal Revenue Service ("IRS"). The complaint stems from plaintiff's apparent frustration with employees at a particular IRS office in her attempts to resolve her "tax issues." Compl. at 2. Plaintiff's problems began presumably when she claimed an Earned Income Tax Credit for the 1997 tax year. See id. She alleges that "[t]he IRS and the Advocate Office cost me years of returns at no fault of my own to find out my case was still in review in 2010 and still not being worked by the IRS office." Id. Plaintiff summarizes her claims as follows: "Holding refunds without just cause[;] Case not worked in a timely manner[;] Violate my rights as a Tax payer[;] Civil Rights Violated[;] Defamation and Slander." Id. at 1. She seeks $100,000 "to rebuild my life." Id. at 4.

The United States is immune from suit absent a waiver by Congress, and such immunity is jurisdictional. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The IRS is subject to suit under the Taxpayer's Bill of Rights, 26 U.S.C. § 7433, "only for claims related to the collection of income taxes and not for claims related to the investigation or assessment of taxes." *Gust v. U.S.*, 789 F. Supp. 2d 58, 62 (D.D.C. 2011) (citing cases); *see Spahr v. U.S.*, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) ("Section 7433 does not give the Court jurisdiction over '[c]laims that the IRS has incorrectly determined the amount of taxes owed' or any other claims that do not directly arise from the IRS's collection activities.") (quoting *Buaiz v. United States*, 471 F. Supp. 2d 129, 136 (D.D.C. 2007)). Since this action arises at best out of the IRS' alleged investigation of plaintiff's "tax issues," it will be dismissed for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: April __, 2013